**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 2, 2012

No. 12-60209
Summary Calendar

Lyle W. Cayce
Clerk

VERLENA SEXTON-WALKER,

Plaintiff - Appellant

v.

ALLSTATE INSURANCE COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:10-cv-104-DAS

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Verlena Sexton-Walker sued Allstate Insurance Company ("Allstate") for its failure to pay her homeowner's claim for water damage to her property. The district court granted summary judgment in favor of Allstate and Sexton-Walker appealed. For the reasons that follow, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60209

## BACKGROUND

On July 3, 2009, Verlena Sexton-Walker submitted an application to Allstate Insurance Company to insure her premises in Greenville, Mississippi. On February 19, 2010, she submitted a claim for water damage to the property. Allstate investigated the claim and in so doing discovered that Sexton-Walker had misrepresented information in her application. Allstate then rescinded Sexton-Walker's policy and denied coverage.[1] On August 16, 2010, Sexton-Walker filed the instant suit. Allstate moved for summary judgment, which the magistrate judge granted. Sexton-Walker subsequently appealed.

## DISCUSSION

### A.

"We review a district court's grant of summary judgment *de novo*, applying the same standards as the district court." *Estate of Bradley ex rel. Sample v. Royal Surplus Lines Ins. Co.*, 647 F.3d 524, 528 (5th Cir. 2011). Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that, therefore, the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). It is then up to the nonmoving party, going beyond the pleadings, to point to "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). Under Rule 56, the party asserting that a fact "is genuinely disputed must support the assertion by[] . . .

---

[1] Allstate concluded that the damage to Sexton-Walker's property had been caused when the plumbing inside her mobile home froze. In rescinding Sexton-Walker's policy and denying coverage, Allstate also concluded that Sexton-Walker had misrepresented information during the claims process and that the damage had been caused by an excluded peril. Because Sexton-Walker has failed to create a genuine issue of material fact as to whether she misrepresented information in her application, we do not address Allstate's additional reasons for rescinding the policy and denying coverage.

citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1). Although, in reviewing a grant of summary judgment, we examine the evidence in the light most favorable to the nonmoving party, *Addicks Servs., Inc. v. GGP-Bridgeland, LP*, 596 F.3d 286, 293 (5th Cir. 2010), and draw any reasonable inferences in favor of that party, *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 507 (5th Cir. 2003), conclusory or unsubstantiated allegations alone are insufficient to defeat summary judgment, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## B.

In the present case, Allstate maintains that it is entitled to summary judgment because it rescinded Sexton-Walker's policy and denied coverage after it learned that she had made material misrepresentations in her policy application. Under Mississippi law, a material misrepresentation in a policy application entitles the insurer to rescind the policy. *See State Life Ins. Co. v. O'Brien*, 921 F. Supp. 420, 424 (S.D. Miss. 1995). A misrepresentation is material if it affects (1) the acceptance of the risk or (2) the hazard assumed by the company. *See id.* Allstate points to three misrepresentations Sexton-Walker made in her initial application for insurance: (1) that the property to be insured was on a solid and continuous foundation; (2) that the home was not regularly unoccupied; and (3) that she had made no prior claims within the previous five years.

As part of the insurance application Sexton-Walker was required to complete, she was asked whether "the dwelling [to be insured was] on a solid and continuous foundation." She answered "YES." However, in its investigation, Allstate discovered that the insured property was a mobile home and therefore not on a solid and continuous foundation. Moreover, Sexton-Walker, in a

deposition, conceded that the property was not on a solid and continuous foundation.  Allstate also learned that Sexton-Walker worked as a teacher in Detroit and, as Sexton-Walker conceded in an examination under oath, "mostly live[d]" in Michigan, even though Sexton-Walker, as part of her insurance application, answered "NO" when asked whether "the residence [to be insured is] regularly unoccupied during the day or evening by all adult occupants in the household." Finally, Allstate discovered nine instances in which Sexton-Walker made property claims in the five years preceding her application despite answering "NONE" when asked to describe her five-year loss history at any residence.

In its motion for summary judgment, Allstate submitted photographs of the insured property, deposition and examination-under-oath excerpts, and a declaration stating that the company would not have insured the property had it known any of the information Sexton-Walker misrepresented. Sexton-Walker, by contrast, has failed to marshal evidence to contradict Allstate's contentions and has thus failed to create a genuine issue of material fact.  Given that Sexton-Walker has failed to point to "specific facts showing that there is a genuine issue for trial," *Celotex*, 477 U.S. at 324, as to whether she made material misrepresentations in her application for insurance, summary judgment in Allstate's favor was warranted.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.